112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo GONZALES, Defendant-Appellant.
 No. 96-10313.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 23, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eduardo Gonzales appeals his jury conviction and sentence for illegal entry in violation of 8 U.S.C. § 1325(a)(1), and being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). Pursuant to Anders v. California, 386 U.S. 738 (1967), Gonzales's attorney has filed a brief stating that he finds no non-frivolous issues for review. Counsel has also filed a motion to withdraw as counsel of record.
 
 
 3
 The only potential issue counsel has identified is whether the district court erred by denying Gonzales's motion to suppress evidence and statements obtained as a result of his arrest and search.
 
 
 4
 Under the totality of the circumstances, the officers had reasonable suspicion for conducting an investigatory stop. See United States v. Alvarez, 899 F.2d 833 (9th Cir.1990); United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 At the suppression hearing, Officer Castro testified that he and his partner approached a residence based on a tip that narcotics activity was occurring at that address. When Castro identified himself to Gonzales and Hernandez and explained his presence, he noticed that Gonzales appeared nervous and began backing towards the residence while refusing to make eye contact. Castro also observed Gonzales attempt to hide a wrapped bundle while concealing himself behind Hernandez. Because Castro suspected that the bundle contained contraband or a weapon, he grabbed Gonzales's hand and seized the bundle. The bundle contained a handgun, a scale, and a pager.
 
 
 6
 The district court did not clearly err by denying Gonzales's motion to suppress his statements because there is no evidence in the record that Gonzales did not receive proper Miranda warnings or that his statements were coerced. Castro testified that he administered the Miranda warnings in Spanish to Gonzales, and that Gonzales stated that he understood his rights and was willing to answer any questions. See United States v. Andaverde, 64 F.3d 1305, 1313 (9th Cir.1995).
 
 
 7
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no further issues for review. Counsel's motion to withdraw is GRANTED and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3